| | |
|---|---|
| ANGELA M. LORCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 12), and Defendant's Motion for Summary Judgment, (Doc. No. 13), and Memorandum in Support, (Doc. No. 14).

**I.    BACKGROUND**

   A.    Procedural Background

Plaintiff Angela Lorch ("Plaintiff") seeks judicial review of Defendant Social Security Commissioner's ("Defendant" or "Commissioner") denial of her social security claim. (Doc. No. 1). On July 15, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. (Doc. Nos. 10 to 10-21: Administrative Record ("Tr.") at 257–59). Plaintiff alleged an inability to work due to disabling conditions beginning on April 27, 2012. (Id. at 258). The Commissioner denied Plaintiff's application initially on October 17, 2013, and again after reconsideration on June 3, 2014. (Id. at 173–76, 179–82). Plaintiff filed a timely written request for a hearing. (Id. at 183–84).

On October 31, 2014, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Id. at 53–93). The ALJ issued a decision on December 22, 2014, denying Plaintiff's claims. (Id. at 151–68). Plaintiff filed a request for review of the ALJ's decision on or about January 20, 2015, which was granted by the Appeals Council on February 24, 2015. (Id. at 169–72). The Appeals Council concluded that the ALJ's December 22, 2014 decision did not address or weigh the opinions expresses by Dr. Susan Roque and Allison Tucker, and remanded to the ALJ for further consideration of the Plaintiff's residual functional capacity ("RFC") with specific instruction to evaluate the treating and nontreating source opinions. (Id. at 170–71).

On April 3, 2015, Plaintiff, represented by counsel, again appeared and testified at a hearing before an ALJ—the same ALJ who presided over the first hearing. (Id. at 29–49). The ALJ issued a decision on June 22, 2015, denying Plaintiff's claims. (Id. at 9–28). Plaintiff filed a request for review of the ALJ's decision on or about July 14, 2015, which was denied by the Appeals Council on December 16, 2015. (Id. at 1–8). Therefore, the June 22, 2015 ALJ decision became the final decision of the Commissioner.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on February 15, 2016. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Plaintiff's Memorandum in Support, (Doc. No. 12), were filed July 11, 2016; and Defendant's Motion for Summary Judgment, (Doc. No. 13), and Defendant's Memorandum in Support, (Doc. No. 14), were filed September 8, 2016. Plaintiff did not file a response to Defendant's Motion for Summary Judgment and the time for doing so has passed. The pending motions are ripe for adjudication.

B.  Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 27, 2012, and the date of his decision on June 22, 2015.[1]  (Tr. at 13).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The ALJ concluded that Plaintiff was not under a disability at any time from April 27, 2012, through the date of his decision, June 22, 2015.  (Tr. at 12–21).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

---

[1]  Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i–v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. at 20–21).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since April 27, 2012, the alleged disability onset date. (Id. at 14). At the second step, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia, chronic fatigue syndrome, depression, personality disorder, cystitis and obesity." (Id. at 14–15). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1." (Id. at 15–16).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "light" work. (Id. at 17–19). Specifically, the ALJ found that Plaintiff retained the RFC to perform as follows:

> light work as defined in 20 CFR 404.1567(b) except she is limited to: no more than occasional climbing of ladders, ropes, scaffolds, ramps, and stairs; and simple routine and repetitive tasks in a low production setting with no more than occasional interaction with the public; and jobs that allow the option to alternate between sitting and standing in 30 minute intervals.

(Id. at 17).[2] In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that he

---

2     Light work is defined as lifting or carrying up to ten pounds frequently and up to twenty pounds occasionally. 20 C.F.R. 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." Id.

"considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and Social Security Rulings ("SSR") 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work. (Id. at 20). At the fifth and final step, the ALJ concluded, based on the testimony of a vocational expert[3] and "considering [Plaintiff's] age, education, work experience, and residual functional capacity, [that] there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Id.). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, from April 27, 2012 through the date of his decision. (Id. at 21).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing]

---

[3]   A vocational expert testified at the original hearing before the ALJ on October 31, 2014, but did not testify again at the hearing on remand on April 3, 2015.

more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying her claims in part because the ALJ did not adequately resolve apparent conflicts between a vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT")[4] (Doc. No. 12 at 2, 6–12).[5]

---

[4] The Dictionary of Occupational Titles, and its companion, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, are Social Security Administration resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. 1991); U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993).

[5] Plaintiff also argues that the ALJ did not conduct an adequate function-by-function analysis regarding Plaintiff's mental RFC and the ALJ did not properly evaluate Plaintiff's fibromyalgia by focusing a lack of objective medical evidence. (Doc. No. 12 at 5). Having found remand necessary due to unresolved conflicts between the VE's testimony and the DOT, the Court need not reach any additional arguments raised in Plaintiff's Motion.

Specifically, Plaintiff contends that a conflict arose when the VE stated Plaintiff could perform work as a small-parts assembler because that position, according to the DOT, requires performing repetitive tasks on assembly line to mass produce small products, while Plaintiff's RFC was limited to work "in a low production setting." (Id. at 8). Similarly, Plaintiff argues a conflict arose between the VE's testimony and the DOT regarding the testimony that Plaintiff could perform work as a hand packager because it is a production job, but Plaintiff was limited to a low-production setting. (Id. at 8–9). Finally, Plaintiff asserts that a conflict exists between the VE's testimony and the DOT regarding the job of shipping-and-receiving weigher because that occupation has a reasoning level of 3 which conflicts with Plaintiff's RFC of simple, routine, and repetitive tasks. (Id. at 9–11).

As Plaintiff notes, SSR 00-4p provides as follows:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will: [a]sk the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and [i]f the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p, 2000 WL 1898704, at *4. The Fourth Circuit has interpreted SSR 00-4p to place an "affirmative duty" on the ALJ to independently identify apparent conflicts between the DOT and a VE's testimony regarding jobs a claimant may perform based upon a hypothetical. Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015). The "apparent" conflict standard falls between a requirement that the ALJ resolve only obvious conflicts and the opposite requirement that the ALJ resolve all possible conflicts. Id. Thus, it requires the ALJ to identify where the VE's "testimony seems to, but does not necessarily, conflict with the Dictionary." Id. In short, an ALJ must independently identify conflicts by comparing the express language of the DOT to the

VE's testimony, and if there seems to be a conflict, the ALJ must obtain a reasonable explanation for the conflict before he can rely on the VE's testimony to support his decision. Id. at 209–10. "An ALJ has not fully developed the record [to satisfy the substantial evidence standard] if it contains an unresolved conflict between the expert's testimony and the Dictionary." Id. at 210; see also Mascio, 780 F.3d at 636 (remanding because, among other things, "inadequacies in the ALJ's analysis frustrate[ed] meaningful review").

In Pearson, the Fourth Circuit held that remand was appropriate due to the ALJ's failure to resolve a conflict between the hypothetical RFC that disallowed "overhead reaching" and the VE's recommendation of three jobs that, according to the DOT, all required "frequent reaching." Pearson, 810 F.3d at 210–11. The Fourth Circuit opined that even though the claimant could possibly perform some of the proposed job functions listed in the DOT, reviewing courts are not to "guess what these occupations require in reality" because it is the responsibility of the ALJ to elicit an explanation from the VE and resolve such conflicts. Id. at 211.

Here, the ALJ did not satisfy his responsibility under SSR 00-4p—he neither asked the VE whether a conflict existed nor did he obtain a reasonable explanation for any apparent conflict. (Tr. 88–92). Defendant concedes this point, but argues that the error is harmless because Plaintiff has not identified an apparent conflict. (Doc. No. 14 at 6–7). As noted above, Plaintiff argues two apparent conflicts: (1) that small-parts assembler and hand packager are production jobs conflicting with Plaintiff's low-production limitation; and (2) that shipping-and-receiving weigher requires a Reasoning Level 3 conflicting with Plaintiff's limitation to simple, routine, repetitive tasks.

Neither small-parts assembler nor hand packager have a specific production expectancy or requirement. DOT 706.684-022, 1991 WL 679050; DOT 559.687-074, 1991 WL 683797; see

Kelly v. Astrue, No. CV 11-3295 JCG, 2012 WL 1439354, at *3–4 (C.D. Cal. Apr. 26, 2012). Nevertheless, both occupations seem to entail production. DOT 706.684-022 (describing small-parts assembler as working "on assembly line to mass produce small products"); DOT 559.687-074 (describing hand packager as "[i]nspect[ing] molded plastic products). Thus, these job descriptions "seem to" conflict with the ALJ's RFC finding and, consequently, the VE's testimony in response to the ALJ's hypothetical. See Pearson, 810 F.3d at 209. Defendant asks the Court to rely on a Central District of California case which affirmed an ALJ's decision and found no conflict because small-products assembler and hand packager do not have a requirement of any production expectancy and the VE testified that the jobs require "production but not high production quota[s]." Kelly, 2012 WL 1439354, at *4. But therein lies the rub. The ALJ in that matter asked the VE whether an apparent conflict existed and upon the ALJ's questioning explained the apparent conflict. Here, the ALJ did neither. Neither the Court nor the ALJ can rely on VE testimony in another matter in another district even if the testimony may wind up being the same. If that were the case, the requirements of SSR 00-4p and Pearson would serve little purpose. Accordingly, the ALJ erred by failing to identify an apparent conflict and obtain a reasonable explanation.

Next, Plaintiff contends that a conflict also exists regarding the occupation of shipping-and-receiving weigher because the occupation requires Level 3 reasoning but the ALJ limited Plaintiff to simple, routine, and repetitive tasks. (Doc. No. 12 at 9–12). The DOT assigns a reasoning level to each occupation, ranging from a low level of reasoning, Level 1, to a high level of reasoning, Level 6. Level 3, at issue here, requires a person to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal

with problems involving several concrete variables in or from standardized situations." DOT, Appendix C, Section III.

Courts are split on whether an apparent conflict exists between a limitation for simple, routine, and repetitive tasks and an occupation that requires a Reasoning Level 3, although the Fourth Circuit has not addressed the issue. Compare Zavalin v. Colvin, 778 F.3d 842, 846–47 (9th Cir. 2015) (finding no apparent conflict between simple, routine, and repetitive tasks and a Reasoning Level 3), and Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (same) with Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (per curiam) (finding an apparent conflict between simple, routine, and repetitive tasks and a Reasoning Level 3). Indeed, there is not even consensus within this district. Compare Clontz v. Astrue, 2:12-CV-00013-FDW, 2013 WL 3899507 (W.D.N.C. July 29, 2013) (finding no apparent conflict between simple, routine, and repetitive tasks and a Reasoning Level 3) with Adkins v. Berryhill, 1:15-CV-000001-RLV, 2017 WL 1089194 (W.D.N.C. Mar. 21, 2017) (finding an apparent conflict between simple, routine, and repetitive tasks and a Reasoning Level 3). After review of the relevant decisions, the Court is persuaded by the thorough reasoning in Adkins and Mullis v. Colvin that an apparent conflict does in fact exist—absent facts identified by the ALJ resolving the conflict—between a limitation to simple, routine, and repetitive tasks a person's ability to perform an occupation requiring Level 3 reasoning. 2017 WL 1089194, at *4–5 (discussing the rationale and reasoning behind the different federal circuit court opinions on the issue before concluding that the cases that found a conflict between occupations requiring Reasoning Level 3 and an RFC limitation of simple, routine, and repetitive tasks are more persuasive); No. 1:11-CV-22, 2014 WL 2257188, at *1 (M.D.N.C. May 29, 2014) (collecting and reviewing recent decisions from districts within the Fourth Circuit before concluding that a conflict exists). Accordingly, the Court finds that in

this case an apparent conflict exists between the VE's testimony that Plaintiff can perform the occupation of shipping-and-receiving weigher and the Plaintiff's RFC restriction of simple, routine, repetitive tasks. Nothing in the record resolves this conflict.

Because all three occupations identified by the VE have an apparent conflict with Plaintiff's RFC that was not identified or explained by the ALJ remand is appropriate. See Henderson v. Colvin, 643 Fed. App'x 273, 277 (4th Cir. 2016) (explaining that Pearson held substantial evidence only exists "if the ALJ received an explanation from the VE explaining the conflict and determined both that the explanation was reasonable and that it provided a basis for relying on the VE's testimony rather than the DOT"). As the Fourth Circuit explained in Pearson, finding a conflict here does not mean that on remand the ALJ must find Plaintiff unable to perform these jobs. Rather, the ALJ and expert need to address the conflict and explain why Plaintiff can perform those occupations. Accordingly, this matter is remanded to the Commissioner for a new hearing and further administrative proceedings consistent with Pearson to resolve any apparent conflicts between the VE's testimony and the DOT.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**; and
3. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order and the Fourth Circuit's holdings in Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015).

Signed: March 31, 2017

Robert J. Conrad, Jr.
United States District Judge